29952. NIXON *et al. v.* NIXON.

Decided July 15, 1943.

*Maddox & Griffin,* for plaintiffs in error.

*Joe M. Lang, Wright, Willingham & Fullbright,* contra.

GARDNER, J. The sole question argued by the parties here is whether the claim for a year's support is barred by the statute of limitation, since the record shows that the application was not made by the widow until more than 20 years after the death of the husband. This court certified to the Supreme Court the following questions:

"1. Does the Code Annotated, § 3-704, apply to the time in which an application for a year's support must be made before such right be barred?

"2. If the answer to the first question is in the affirmative, is the twenty year limitation to be computed (a) beginning from the date of the death of the husband, or (b) from the date of the qualification of a legal representative."

On July 13th under a certificate of the clerk of the Supreme Court, this court was advised of the answers to the certified questions as follows:

"1. An application for a year's support under Code, § 113-1002 is a suit as contemplated by Code, § 3-704, which prescribes a limitation of twenty years for the bringing of suits there referred to.

"2. A year's support under Code, § 113-1002, is a statutory right, and an application therefor must be filed within twenty years from the date the right accrues.

"3. The right to a year's support accrues upon the death of the husband or parent, and not upon the qualification of the legal rep-

resentative of the estate. The twenty year limitation period is computed from the date the right accrues, and not from the date the legal representative is qualified."

From the foregoing and by virtue thereof, it is determined that the court erred in overruling the demurrers to the application for a year's support, and it is so ordered.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*